# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| NEODRON LTD., <br><br> Plaintiff, <br><br> v. <br><br> PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA, <br><br> Defendants. | Case No. 2:20-cv-00241 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST PANASONIC CORPORATION AND PANASONIC CORPORATION OF NORTH AMERICA

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants Panasonic Corporation and Panasonic Corporation of North America (collectively "Panasonic" or "Defendant"):

## INTRODUCTION

1. This complaint arises from Panasonic's unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 8,946,574 ("'574 Patent"), 10,088,960 ("'960 Patent"), 9,823,784 ("'784 Patent") (collectively, the "Asserted Patents").

2. Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3. But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4. Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5. These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Panasonic's accused products.

## PARTIES

6. Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Neodron is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7. On information and belief, Defendant Panasonic Corporation is a corporation organized under the laws of the Japan, with its principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501 Japan.

8. On information and belief, Defendant Panasonic Corporation of North America is a corporation organized under the laws of the State of Delaware, with its principal place of business at Two Riverfront Plaza, Newark, New Jersey 07102.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Panasonic in this action because Panasonic has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Panasonic would not offend traditional notions of fair play and substantial justice. Panasonic, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

11. Venue is proper in this District under 28 U.S.C. §1400(b). Upon information and belief, Panasonic has transacted business in this District and has committed acts of direct and

indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Panasonic Corporation of North America is also registered to do business in Texas. Panasonic has regular and established places of businesses in this District, including at 3461 Plano Parkway, The Colony, Texas 75056. *See* Exhibit 1.

12. Furthermore, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant Panasonic Corporation is a foreign corporation organized under the laws of Japan, with its principal place of business in Japan.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,946,574

13. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

14. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 8,946,574, entitled "Two-Layer Sensor Stack." The '574 Patent was duly and legally issued by the United States Patent and Trademark Office on February 3, 2015. A true and correct copy of the '574 Patent is attached as Exhibit 2.

15. On information and belief, Panasonic makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Panasonic Toughpad FZ-Q2, Toughpad FZ-B2, Toughpad FZ-M1, Toughpad FZ-G1, Toughbook L1, Toughbook CF-19, Toughbook CF-20, Toughbook 20, Toughbook 33, Toughbook 55, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-15 of the '574 Patent.

16. Panasonic also knowingly and intentionally induces infringement of claims 1-15 of the '574 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint,

Panasonic has had knowledge of the '574 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '574 Patent, Panasonic continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '574 Patent. Panasonic does so knowing and intending that its customers and end users will commit these infringing acts. Panasonic also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '574 Patent, thereby specifically intending for and inducing its customers to infringe the '574 Patent through the customers' normal and customary use of the Accused Products.

17. The Accused Products satisfy all claim limitations of claims 1-15 of the '574 Patent. A claim chart comparing independent claim 1 of the '574 Patent to a representative Accused Product, Panasonic Toughbook FZ-55, is attached as Exhibit 3.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Panasonic has injured Neodron and is liable for infringement of the '574 Patent pursuant to 35 U.S.C. §271.

19. As a result of Panasonic's infringement of the '574 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Panasonic's infringement, but in no event less than a reasonable royalty for the use made of the invention by Panasonic, together with interest and costs as fixed by the Court.

20. Panasonic's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '574 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,088,960

21. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 10,088,960 (the "'960 Patent"), entitled "Sensor Stack with Opposing Electrodes." The '960 Patent was duly and legally issued by the United States Patent and Trademark Office on February 3, 2015. A true and correct copy of the '960 Patent is attached as Exhibit 4.

23. On information and belief, Panasonic makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Panasonic Toughpad FZ-Q2, Toughpad FZ-B2, Toughpad FZ-M1, Toughpad FZ-G1, Toughbook L1, Toughbook CF-19, Toughbook CF-20, Toughbook 20, Toughbook 33, Toughbook 55, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-17 of the '960 Patent.

24. Panasonic also knowingly and intentionally induces infringement of claims 1-17 of the '960 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, Panasonic has had knowledge of the '960 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '960 Patent, Panasonic continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '960 Patent. Panasonic does so knowing and intending that its customers and end users will commit these infringing acts. Panasonic also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '960 Patent, thereby specifically intending for and inducing its customers to infringe the '960 Patent through the customers' normal and customary

use of the Accused Products.

25. The Accused Products satisfy all claim limitations of claims 1-17 of the '960 Patent. A claim chart comparing independent claim 1 of the '960 Patent to a representative Accused Product, Panasonic Toughbook FZ-55, is attached as Exhibit 5.

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Panasonic has injured Neodron and is liable for infringement of the '960 Patent pursuant to 35 U.S.C. §271.

27. As a result of Panasonic's infringement of the '960 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Panasonic's infringement, but in no event less than a reasonable royalty for the use made of the invention by Panasonic, together with interest and costs as fixed by the Court.

28. Panasonic's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '960 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,823,784

29. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,823,784 (the "'784 Patent"), entitled "Capacitive Touch Screen with Noise Suppression." The '784 Patent was duly and legally issued by the United States Patent and Trademark Office on November 21, 2017. A true and correct copy of the '784 Patent is attached as Exhibit 6.

31. On information and belief, Panasonic makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Panasonic Toughpad FZ-Q2, Toughpad FZ-B2, Toughpad FZ-M1, Toughpad FZ-G1, Toughbook L1, Toughbook CF-19, Toughbook CF-20, Toughbook 20, Toughbook 33, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-3 of the '784 Patent.

32. Panasonic also knowingly and intentionally induces infringement of claims 1-3 of the '784 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, Panasonic has had knowledge of the '784 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '784 Patent, Panasonic continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '784 Patent. Panasonic does so knowing and intending that its customers and end users will commit these infringing acts. Panasonic also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '784 Patent, thereby specifically intending for and inducing its customers to infringe the '784 Patent through the customers' normal and customary use of the Accused Products.

33. The Accused Products satisfy all claim limitations of claims 1-3 of the '784 Patent. A claim charts comparing independent claim 1 of the '784 Patent to a representative Accused Product, Panasonic FZ-Q2, is attached as Exhibit 7.

34. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Panasonic has injured Neodron and is liable for infringement of the '784 Patent pursuant to 35 U.S.C. §271.

35. As a result of Panasonic's infringement of the '784 Patent, Neodron is entitled to

monetary damages in an amount adequate to compensate for Panasonic's infringement, but in no event less than a reasonable royalty for the use made of the invention by Panasonic, together with interest and costs as fixed by the Court.

36.   Panasonic's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '784 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a.   A judgment in favor of Neodron that Panasonic has infringed, either literally and/or under the doctrine of equivalents, the '574 Patent, the '960 Patent, and the '784 Patent;

b.   A permanent injunction prohibiting Panasonic from further acts of infringement of the '574 Patent, the '960 Patent, and the '784 Patent;

c.   A judgment and order requiring Panasonic to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Panasonic's infringement of the '574 Patent, the '960 Patent, and the '784 Patent; and

d.   A judgment and order requiring Panasonic to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Panasonic; and

f.   Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 17, 2020

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Philip X. Wang (CA SBN 262239)
pwang@raklaw.com
Kent N. Shum (CA SBN 259189)
kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

***Attorneys for Plaintiff Neodron Ltd.***